AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
Seth Murdock
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30503

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 16, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is a 54 year old married male who lives with his wife (married in 2010) and her child in the Riverfront Apartments in Detroit. His family consists of six siblings who reside in the city of Detroit. He is co-owner of the Murdock Funeral Home, a family owned business, and also claims to be self-employed as the owner of Murdock Tours and Travel, but admits that he receives no income from that company. He has financial assets and claims to earn $75,000 annually.

Defendant is charged by way of federal indictment in the District of Vermont with Wire Fraud and Transportation of Stolen Vehicles. Defendant is a career offender. He has been the perpetrator of schemes of fraud and deceit for at least the past 30 years. Since 1983 he has been charged with multiple counts of False Financial Statements, Attempted Grand Theft (property), Obstructing/Resisting Public Officer, Disorderly Conduct, Soliciting Lewd Acts, Grand Theft (property), Petty Theft, Possession of Birth/Baptism Certificate to Deceive, Obtaining Money by False Pretenses, False Impersonation of Another, Insufficient Funds (checks), Offering False Evidence, Perjury, Larceny Over $250, Possession of False Papers to Defraud the United States, and is now charged with Wire Fraud and Transportation of Stolen Goods in the State of Vermont.

In addition, Defendant's criminal record clearly sets forth multiple failures to appear and four probation violations. In the Eastern District of Michigan he violated his supervised release twice, once on June 19, 2006 and again on October 6, 2010. The first violation resulted in his supervised release status being revoked whereupon Defendant was sentenced to 18 months custody to be followed by supervised release to expire on August 10, 2010. However on September 5, 2007, while Defendant was still on his first term of supervised release, Defendant began a second term of supervised release which he violated again. On October 6, 2008 Defendant was sentenced to another period of 12 months custody for that violation.

Defendant has engaged in a life long pattern of deception, fraud, deceit, and non-compliance, which has resulted in his being sentenced over guidelines because of his inability to modify his behaviors . His past conduct while on supervised release (leaving the district on two separate occasions after being specifically told by his supervising officer that he would violating the terms and conditions of his supervised release if he insisted on traveling outside of the district) and then fabricating his reasons for so doing make him a poor candidate for bond. He has proven himself over and over again to be incapable of complying with orders of the court, or directives of his supervising officers. He has a criminal history of continued criminal behavior while on supervision, which causes a danger to those in the community who become the victims of his schemes of fraud and deceit.

Defendant is viewed as a risk of flight by a preponderance of the evidence. There is no condition, or combination of conditions, which would assure his appearance in court. He is also viewed as a danger to others who become the unassuming victims of his fraudulent schemes of artifice. Detention is therefore Ordered.